IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DIRECTV, INC., Plaintiff | § § § |
| V. | § § CIVIL ACTION B-03-052 |
| TONY ADAME, ET AL. Defendants | § § § § |

**JOINT REPORT OF THE MEETING & JOINT DISCOVERY/
CASE MANAGEMENT PLAN UNDER RULE 26**

Plaintiff, DIRECTV, Inc. files this Report on Rule 26 Conference/Discovery Plan under Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order for Conference.

1. **State where and when the meeting of the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party.**

   Defendant MARCOS CAMACHO has filed bankrupcty and this matter is stayed as to him only. DIRECTV contacted John Blaylock, counsel for Defendant, Anthony Adams, who was served with citation for TONY ADAME. (See Response to #22 below). Defendants CESAR ARCOS, PAUL A. DAVIS, RODNEY D. MOORE, and YESENIA SALAZAR have not been served. Service of process was attempted through certified mail but was unsuccessful. Service is currently being attempted through a process server.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   DIRECTV has cases against different defendants containing allegations similar to those contained in this complaint pending in every federal district in the state of Texas and in several states throughout the country. The cases are similar in that the electronic equipment and devices purchased by defendants are the same; in sum, the legal and factual issues surrounding the manufacture, design, assembly and general utility of the electronic equipment or devices in question are common.

3. **Briefly describe what this case is about.**

   Plaintiff brought this case alleging that Defendant violated federal and state laws by intercepting its satellite communications through the use of various electronic devices.

4.  **Specify the allegation of federal jurisdiction.**

    Jurisdiction exists under 28 U.S.C. §1331 pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Supplemental jurisdiction arises on state law claims pursuant to 28 U.S.C. §1367.

5.  **Name the parties who disagree with the Plaintiff's jurisdiction allegations and their reasons.**

    No appearing parties have challenged Plaintiffs' jurisdictional allegations.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    The parties do not anticipate additional parties to this action at this time.

7.  **List anticipated interventions.**

    The parties do not currently anticipate any interventions.

8.  **Describe class action issues.**

    There are no class action issues related to DIRECTV's causes of action.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    DIRECTV intends to send initial disclosures on or before July 10, 2003.

10. **Describe the proposed agreed discovery plan including:**

    a.  **Responses to all the matters raised in Rule 26(f).**

        DIRECTV anticipates working within the timelines of Rule 26 and the Scheduling Order entered by the Court.

    b.  **When and to whom the Plaintiffs anticipate it may send interrogatories.**

        Plaintiff anticipates sending interrogatories to the Defendant within sixty (60) days of the initial pre-trial and scheduling conference.

 c. **When and to whom the Defendants anticipate it may send interrogatories.**

  Defendant anticipates sending interrogatories to the Plaintiff.

 d. **Of whom and by when the Plaintiffs anticipate taking oral depositions.**

  Plaintiff anticipates taking the depositions of those fact and expert witnesses identified by Defendants in disclosures. Plaintiff will complete such depositions by the discovery cut-off date.

 e. **Of whom and by when the Defendants anticipate taking oral depositions.**

  Defendant does not know if he will take any depositions.

 f. **When the Plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

  Parties having the burden of proof on an issue anticipate designating experts and providing required reports within the Court's guidelines. Parties opposing claims may designate experts and provide reports within the Court's guidelines.

 g. **List expert depositions the Plaintiffs (or party with the burden of proof on an issue) anticipate taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

  Plaintiff anticipates deposing any of the Defendants' timely designated experts by the discovery cut-off date.

 h. **List expert depositions the Defendants (or opposing party) anticipate taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

  Defendant ADAME anticipates deposing any of Plaintiff's timely designated experts by the discovery cut-off date.

11. **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

 DIRECTV is agreeable to the proposed discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    DIRECTV believes it can complete discovery by <u>January 15, 2004.</u>

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    DIRECTV will agree to keep settlement negotiations open throughout the life of this case.

15. **Describe what each party has done or agreed to do to bring about a resolution.**

    DIRECTV informally contacted defendant by letter prior to filing this suit and agrees to continue settlement negotiations with the Defendants.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    See 14 and 15 above.

17. **Magistrate Judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made, and if it was made on time.**

    A demand for jury trial has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Approximately 30 hours.

20. **List pending motions that could be ruled on at the initial pre-trial and scheduling conference.**

    None

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    Counsel for Tony Adame also represents Anthony Adams in DIRECTV/Adams, Cause No. M-03-056, Federal District Court, McAllen Division and has indicated that his client, Anthony Adams was served with the Complaint in this case as well as the Complaint in M-03-056. DIRECTV is attempting to determine whether or not Anthony Adams was served with this Complaint by mistake. Counsel should have an answer to that question at the hearing scheduled for July 21, 2003.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    DIRECTV filed its Disclosures of Interested Parties on March 24, 2003.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    For Plaintiff
    **Lecia L. Chaney**
    **Attorney in Charge**
    Texas State Bar No. 00785757
    Federal Id. No. 16499
    Rodriguez, Colvin & Chaney
    1201 E. Van Buren
    P.O. Box 2155
    Brownsville, Texas 78520
    (956) 542-7441 Telephone
    (956) 541-2170 Facsimile

    **Kelly-Ann F. Clarke**
    Federal ID No. 27195
    Texas State Bar No. 24027929
    **Joseph R. Russo, Jr.**
    Federal ID No. 22559
    Texas State Bar No. 24002879
    **Joe A. C. Fulcher**
    Federal ID No. 14126
    Texas State Bar No. 07509320
    **GREER, HERZ & ADAMS, L.L.P.**
    One Moody Plaza, 18th Floor
    Galveston, Texas 77550

(409) 797-3200 Telephone
(409) 766-6424 Facsimile

**For Defendant, Tony Adame**
John T. Blaylock
2255 Barnard, Ste. C
Brownsville, Tx 78520
(956) 554-3733
(956) 544-7766 fax

Respectfully submitted,

By: _____
Lecia L. Chaney
Attorney in Charge
Federal ID No. 16499
Texas State Bar No. 00785757
**RODRIGUEZ, COLVIN & CHANEY, LLP**
P.O. Box 2155
1201 E. Van Buren
Brownsville, TX 78522

ATTORNEY FOR PLAINTIFF
DIRECTV, INC.

BY: _____ by permission
John T. Blaylock                L. Chaney
2255 Barnard, Ste. C
Brownsville, Tx 78520
(956) 554-3733
(956) 544-7766 fax

ATTORNEY FOR DEFENDANT
ANTHONY ADAMS